Napier et al. vs. Napier.

These two cases were heard and argued together, and the decision of this Court being predicated upon a general principle or rule of law, relating to the discretion of the presiding Judge or Chancellor, it is deemed unnecessary to state all the facts contained in two voluminous records.

AKIN, for Buchanan.

MILNER & PARROTT, *contra.*

SKELTON NAPIER, et al., plaintiffs in error, vs. THOMAS T. NAPIER, defendant in error.

A bequest to trustees in trust for a son and his wife and children, and then more specifically stated to be for "the use of, and support and maintenance of the said son and his family, and the support and education and *settlement* of the children"—is a gift to the children of the entire beneficial interest, *subject* to the support and maintenance of their father and his wife and family so long as the father and his wife and family may live.

In Equity, in Catoosa Superior Court. Decision by Judge CROOK, May Term, 1859.

This was a bill in equity, filed by Nathan C. Monroe and Skelton Napier, next friend of Thomas N. Maxwell, a minor, and son of Manfredona Maxwell, deceased, formerly Napier, and of James R. DeLauney, Mary B. DeLauney, Zachariah T. DeLauney and Virginia P. DeLauney, minor children of James L. and Sarah C. DeLauney, deceased, formerly Sarah C. Napier, against Thomas S. Napier. The object of the bill was to remove the defendant as trustee, appointed by the Court of Chancery, of certain property devised and bequeathed in the last will and testament of Thomas Napier, deceased, and for an account, &c.

Defendant answered the bill, and afterwards complainants amended their bill, stating that Eliza B. Napier, the former wife of defendant, had departed this life, and that under the decree made in Bibb Superior Court, that portion of the trust fund, amounting to about $6,233, which had been set apart for her use during her life, returned to and became a portion of the original trust fund, for the purposes contemplated and provided for under the codicil to the last will and testament of said Thomas Napier, deceased, and that complainants are entitled to and have an interest in said fund. That said Thomas S. is incapable of managing said trust funds, and that he be removed and discharged from his trusteeship, &c. The amendment further states, that since the death of the said Eliza B., the said Thomas T. has intermarried with Mrs. Celia Price, and that he now sets up and claims, that his former wife having departed this life, that he is entitled to the whole of said fund, absolutely, as her heir at law, she having died without children; or, that under said codicil, it belongs to his present wife, for her support and maintenance during her life.

The codicil to the will of Thomas Napier, deceased, referred to and relied on in the foregoing amendment, is as follows:

"In relation to so much of my property and estate, real and personal, as is embraced in said bequests and provisions,

and as would, by the same, if unrevoked, pass to my son Thomas T. Napier, I do hereby give, bequeath and demise said property and estate, and all and every part thereof, whether real or personal, to my sons, Leroy Napier and Skelton Napier, and my son-in-law, Nathan C. Monroe, as trustee, and in trust for my son Thomas T. Napier, and his wife and his children, Leroy Wiley Napier, Sarah C. Napier, Manfredonia M. Napier, and Thomas C. Napier, and any child or children of my said son, Thomas T. that may hereafter be born.  The said trustees to be vested with the legal estate and full control of said property and receive the rents, issues and profits thereof, and to apply the same to the use of and support and maintenance of my said son Thomas T. Napier and his family, and to the support and education and settlement of the aforementioned children of my said son Thomas T., it being my will and desire that all the property that would have fallen to my said son Thomas T., under the aforementioned revoked bequests and provisions of said last will, should under this codicil vest in said trustees, in trust and for the use aforesaid forever."

To this amendment, defendant demurred.  The Court sustained the demurrer and dismissed the amendment, and complainants except, and assign said decision as error.

D. A. WALKER, for plaintiffs in error.

J. T. McCONNELL; and W. H. MOORE, *contra*.

*By the Court.*—STEPHENS J. delivering the opinion.

The question here is, whether the amendment to the original bill stated such facts as showed an interest on the part of complainants in the property mentioned in that amendment.  The Court below sustained the demurrer to the

amendment on the ground, that the facts stated, did not show an interest. We think otherwise.

We think that under the codicil to Thomas Napier's will, all of that property which under the original will would have gone to Thomas T. Napier, went beneficially to the children of said Thomas T., subject to the support and maintenance of Thomas T. himself, and his wife Eliza, and any family he might have, so long as he and she might respectively live. It is given in trust for Thomas T. and his wife, (who was then the said Eliza,) and his children born and to be born; and then it is more specifically stated to be for " the use of and support and maintenance of my said son Thomas T. and his family, and the support and education and *settlement* of the children." The word " settlement" is a controlling one. It indicates that the final disposition was a division among the children. It is not however a *remainder* in them after the death of their parents, for their " support" and " education," were *immediate* purposes, and the word " settlement," which conveys their largest interest, imports a provision for them, while their parents might be still in life. The *effect* then of the whole codicil was to vest the entire beneficial interest in the children, subject to the support and maintenance of Thomas T. and his wife and family as aforesaid.

It is not necessary to consider the full extent of the alterations made in this disposition by the decree in Bibb Superior Court, nor to consider the validity of that decree, for these questions were not argued. It is sufficient to say that even under the decree, that part of the property which was set apart to the wife Eliza, is now, by the terms of the decree itself, (she being dead,) to go back under the operation of the codicil. That is to say, in *that* part of the property, the complainants have the interest which has just been pointed out as being conferred by the codicil, the complainants being representatives of children. This is sufficient to retain the amendment without considering whether the divergence

made from the codicil by the decree, as to the part assigned to Thomas T., is valid or not.

Judgment reversed.